# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 8, 2019

Lyle W. Cayce
Clerk

No. 18-30331

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.,

Requesting Parties - Appellants

v.

CLAIMANT ID 100185315,

Objecting Party - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-439

Before DAVIS, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

Appellants BP Exploration & Production, Inc., BP America Production Company, and BP, P.L.C. (collectively "BP") challenge the classification as fixed of one of the claimant-appellee's expenses, a "Management Fee," which had the effect in this case of increasing the amount of appellee's claim. The classification of expenses as "fixed" or "variable" is governed by the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Compensation Framework for Business Economic Loss Claims ("BEL Framework") in the Deepwater Horizon Economic and Property Damages Settlement Agreement ("Settlement Agreement").[1] If an expense is classified as fixed, it does not reduce profit; if it is classified as variable, it reduces profit, which can significantly alter the amount of the claim. The "Management Fee" at issue is a percentage of the claimant's revenue that it was obligated to pay its parent company to cover corporate overhead expenses. The administrative appeal panel agreed with the claimant's argument that this expense was properly classified as a fixed cost and rejected BP's argument that it was a variable cost. The district court denied BP's request for discretionary review.

We review the district court's denial of discretionary review for abuse of discretion.[2] The district court abuses its discretion if an appeal panel decision not reviewed by the district court contradicted or misapplied the Settlement Agreement or had the clear potential to do so.[3]

Under the BEL Framework, a claimant is compensated for any reduction in Variable Profit between the 2010 Compensation Period and a Benchmark Period of comparable months before the spill.[4] Variable Profit is defined as the sum of monthly revenue over the relevant period minus variable (but not fixed) expenses over the same period.[5] Thus, whether a cost is defined as "variable" (and reduces Variable Profit calculations) or "fixed" (and is excluded from such calculations) can significantly alter the size of an award. An attachment to the

---

[1] Economic and Property Damages Settlement Agreement, Compensation Framework for Business Economic Loss Claims (Exhibit 4C).

[2] *BP Expl. & Prod., Inc. v. Claimant ID 100094497*, 910 F.3d 797, 800 (5th Cir. 2018) (citation omitted).

[3] *Id.* (citation omitted).

[4] Economic and Property Damages Settlement Agreement, Compensation Framework for Business Economic Loss Claims (Exhibit 4C).

[5] *Id.* at 2.

BEL Framework includes lists of fixed and variable costs.[6] The list includes "fees" as a fixed cost.

The claimant in this case followed the guidance provided by this list and treated its "Management Fee" as a fixed cost, which does not reduce Variable Profit. BP argues that the fee is a variable cost because the fee increases or decreases depending on the dollar amount of the claimant's revenue.

Another panel of this court recently addressed the issue raised in this case.[7] In that opinion, the panel noted that the distinction between fixed and variable costs "utilize[s] the customary understanding of cost allocation in the accounting business" and established the following definitions:

> A "variable cost" is a business expense that "will vary in direct proportion to changes in the level of [a business] activity. For example, direct material, direct labor, sales commissions, fuel cost for a trucking company, and so on, may be expected to increase with each additional unit of output. . . . The opposite of variable costs are fixed costs. Fixed costs do not fluctuate with changes in the level of activity."[8]

The prior panel faced the question whether supplies, such as bags in which the claimant packed shrimp, were a fixed or variable cost of the claimant, a company that froze, packed, and arranged for delivery of shrimp for gulf shrimpers.[9] Like "fees," "supplies" are listed as a fixed cost in the BEL Framework's attachment.[10] The claimant in that case classified the bags and

---

[6] Economic and Property Damages Settlement Agreement, Compensation Framework for Business Economic Loss Claims, Attachment A (Exhibit 4D).

[7] *Claimant ID 100094497*, 910 F.3d 797.

[8] *Id.* at 802 & n.2 (second and third alterations in original) (quoting LARRY WALTHER & CHRISTOPHER SKOUSEN, MANAGERIAL AND COST ACCOUNTING 37-38 (2009)).

[9] *Id.* at 799.

[10] Economic and Property Damages Settlement Agreement, Compensation Framework for Business Economic Loss Claims, Attachment A (Exhibit 4D).

related items as supplies (a fixed cost), while BP claimed they were properly categorized as a variable cost, such as consumable goods.[11]

The administrative appeal panel classified the expense as fixed, deferring to the claimant's rational basis for classifying the bags and related items as "supplies" (which the BEL Framework's attachment deems a fixed cost).[12] On appeal to this court, the panel vacated and remanded, holding that:

> [T]he Settlement Agreement requires claims administrators to use their independent judgment and classify expenses as "fixed" or "variable" according to their substantive nature, rather than rational basis review of the claimants' own descriptions. Appeal Panels, too, are bound by the substantive nature of the expense claims under the Settlement Agreement rather than the claimants' inaccurate characterizations.[13]

This court found that the administrative appeal panel misapplied the Settlement Agreement because it should have classified the expense according to its substantive nature, rather than deferring to the claimant's characterization.[14] The court found that the district court erred in failing to review and correct the error of law.[15]

In this case, the administrative appeal panel agreed with the claimant's argument that its Management Fee expense was properly classified as a fixed cost because "fees" are included as a fixed cost in the BEL Framework's attachment. The appeal panel did not address the substantive nature of the expense, including whether fluctuations in revenue (which directly affected the fees owed) were attributable to fluctuations in output or some other cause, such as a change in the price for each unit.

---

[11] *See Claimant ID 100094497*, 910 F.3d at 799, 801.
[12] *See id.* at 799-800.
[13] *Id.* at 802-03.
[14] *See id.* at 800-03.
[15] *Id.* at 803.

For the reasons given by the prior panel, we conclude that the appeal panel's decision here, by focusing on the label given to the expense ("fees"), rather than its substantive nature, misapplied the Settlement Agreement, and the district court erred in failing to review and correct this error of law. Regardless of the labels the parties place on an expense, the prior panel's opinion directs the appeal panel to focus its inquiry on the substantive nature of the expense, *i.e.* whether or not it fluctuates in proportion to changes in the claimant's output.

This case is controlled by the prior panel's case, and we therefore remand to the district court to determine whether these fees, based on their substantive nature, are fixed or variable, or to remand to the appeal panel for any further development necessary to that determination.

We VACATE and REMAND for further proceedings consistent with this opinion.